DAVIS, Judge.
 

 Joseph Wilson challenges the new sentences he received after he was granted relief through a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the new sentences as orally imposed but write to correct two clerical errors in the written judgments and sentences.
 

 Wilson was originally charged under alternative theories with first-degree premeditated murder and first-degree felony murder of the same victim. When the jury returned a guilty verdict under both theories, the convictions were merged to reflect one count of first-degree murder, for which Wilson received a life sentence with a twenty-five-year minimum mandatory. He also was convicted of one count of robbery with a firearm, for which he received a fifteen-year sentence with a three-year minimum mandatory. Because the minimum mandatory sentences were run consecutively even though the crimes occurred as part of the same criminal episode, resentencing was ordered.
 

 At resentencing, the court specifically stated that it was sentencing Wilson to life on his merged convictions for first-degree murder. The court’s written order also reflects the imposition of a single life sentence on these merged counts. Wilson’s life sentence was orally pronounced to run concurrently with his fifteen-year sentence for robbery with a firearm. The written judgment and sentence entered after re-sentencing do not reflect that the first-degree premeditated and first-degree felony murder convictions were merged. Rather, on the face of the written judgment and sentence it appears that Wilson is serving two life sentences on two separate first-degree murder convictions. Additionally, the sentences do not reflect that they were designated to run concurrently. There is nothing in the record to suggest that these were anything more than clerical errors. Accordingly, we affirm all aspects of Wilson’s sentences as orally imposed but remand for the trial court to enter written judgments and sentences that correctly reflect a single life sentence for the merged convictions and reflect that
 
 *914
 
 his life sentence and fifteen-year sentence are to run concurrently.
 
 See Parajon v.
 
 State, 50 So.3d 105 (Fla. 3d DCA 2010).
 

 Affirmed; remanded.
 

 SILBERMAN and VILLANTI, JJ., Concur.